**Daniel J. ROCK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**64 Civ. 2448.**

United States District Court
S. D. New York.

Jan. 24, 1968.

---

Rock & Rock, New York City, for plaintiff; Nathaniel L. Rock, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, for defendant; Richard M. Hall, Asst. U. S. Atty., of counsel.

## OPINION

LEVET, District Judge.

This action is a claim for a refund of federal income taxes paid in 1955 by the plaintiff, Daniel J. Rock. The basis is a loss in the year 1957 which plaintiff proposed to carry back to the year 1955.

The defendant, United States of America, has moved pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure for an order dismissing this complaint on the ground that this court lacks jurisdiction over the subject matter due to the untimeliness of plaintiff's claim for a refund.

Plaintiff and his wife properly filed a joint income tax return for the calendar year 1955 and paid the tax due. In an amended individual income tax return filed on or about September 9, 1958, plaintiff reported a loss of $4,829.07 for the calendar year 1957.

Over two and one-half years later, during the latter part of March or early April, 1961, plaintiff visited the offices of the Internal Revenue Service in Jacksonville, Florida, where he allegedly then resided. He desired to make a claim for a refund on the above basis and, after explaining this to an unnamed agent or employee of the Internal Revenue Service, he was given Form 1045, entitled "Application For Tentative Carryback Adjustment" upon which to submit his claim. At this time plaintiff was advised that his claim would have to be filed by April 15th.

Later that day plaintiff telephoned his accountant in New York City, requested him to prepare said refund claim, and sent him Form 1045. Upon completion and return of the form (which the accountant allegedly approved), plaintiff affixed his signature below the printed declaration that he had examined same, etc., and on April 13, 1961 sent it via registered air mail to the District Director of Internal Revenue in Albany, New York. The District Director received plaintiff's Form 1045 on April 20, 1961. Thereafter the Director sent plaintiff a printed form letter, dated May 9, 1961, which in part stated:

"Your Application for Tentative Carry-Back Adjustment, described above, is disallowed because it was not filed within a period of twelve months from the end of the taxable year of the net operating loss or unused excess profits credit from which the carry-back resulted, as provided in the Internal Revenue Code of 1954.

"Based on your application, we suggest you file a claim for refund on enclosed Form 843. The legal period to file the claim is limited to three years from the time the return was filed or due to be filed or two years after payment of tax, whichever is later.

"Enc: Form 1045
        Form 843(2)"
                (Pl. Ex. B)

On or about June 12, 1961, plaintiff filed with the District Director in Albany, New York a claim for refund of taxes paid in 1955, using Form 843, which in bold letters is entitled "CLAIM." This claim was rejected as untimely on or about August 10, 1962 by the District Director in Jacksonville, Florida, to whom the claim had been transferred. Plaintiff then instituted his action for relief here.

Jurisdiction of this court derives only from 28 U.S.C. § 1346 read in combination with 26 U.S.C. § 7422(a), which states in pertinent part:

"(a) No suit * * * shall be maintained in any court for the recovery of * * * any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund * * * has been *duly filed* with the Secretary or his delegate, *according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."* (Emphasis supplied)

■ It is elementary that an untimely claim is not "duly filed." Plaintiff was an individual taxpayer on a calendar year basis of accounting, and, under the most favorable statute of limitations available to him in this case, he had until April 15, 1961 to timely file his claim. See 26 U.S.C. § 6511(d)(2). His claim for a refund was not filed until June 12, 1961.

■ Plaintiff asserts that the application for a tentative carryback adjustment which he filed on April 13, 1961 should be considered a timely claim for a refund since it contained essentially the same information necessary for a proper claim. With this position, however, I do not agree.

The differences between an application for a tentative carryback adjustment and a claim for a refund are not merely for-

mal; they are substantive, and the statute and regulations as well as Form 1045 itself so state.

26 U.S.C. § 6411, which provides for tentative carryback adjustments, provides in subsection (a) that:

> " * * * An application under this section *shall not constitute a claim* for credit or refund." (Emphasis supplied)

If, indeed, there could be any doubt about the meaning of the statute, such doubt must be dispelled by Reg. § 1.6411–1(b) (2), which states:

> " * * * The filing of an application for a tentative carryback adjustment will not constitute the filing of a claim for credit or refund within the meaning of section 6511 for purposes of determining whether a claim for credit or refund was filed prior to the expiration of the applicable period of limitation. * * * A claim for credit or refund under section 6402 filed after the filing of an application for a tentative carryback adjustment is not to be considered an amendment of such application. * * * "

Despite the clear import of the statute and regulations, however, plaintiff maintains that his filing of Form 1045 was, nevertheless, sufficient to perserve his rights to a refund on the theory that Form 1045 must be considered an informal claim.

■ In United States v. Kales, 314 U. S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941), a leading case in the area of informal refund claims against the government, the standard for testing the sufficiency of such claims was established. There it was held that timely informal notice of a claim was adequate because the informal notice had not misled the Commissioner and he had accepted and treated it as such during a long course of dealings with the taxpayer. When viewed in the light most favorable to plaintiff, however, the facts of the instant case clearly establish that the Commissioner neither considered nor treated plaintiff's

application for a tentative carryback adjustment as a claim for a refund.

■ Applications brought under the tentative carryback adjustment provisions of 26 U.S.C. § 6411 require special treatment by the Secretary or his delegate. Within ninety days, an examination, limited to the discovery of omissions and errors of computation on the application, must be made, and the application allowed or disallowed. Disallowance of a tentative carryback adjustment is final and may not be challenged in any proceeding. See Reg. § 1.-6411–3(c).

This unique administrative treatment, taken together with the requirement in 26 U.S.C. § 6411(a), that the taxpayer must file his application within twelve months of the taxable year in which he sustains a loss, clearly reveals the underlying legislative purpose of the statute. Here, Congress has afforded the taxpayer an opportunity to seek speedy tax relief during the period immediately following a loss year, when such relief may be most sorely needed. If, however, the tentative adjustment remedy fails and an application is disallowed, the taxpayer is still left with the option to pursue his claim for a refund in the normal manner. Reg. § 1.6411–3(c).

The District Director treated plaintiff's application on Form 1045 as that which it purported to be—an application for a tentative carryback adjustment. Conceding that plaintiff intended that the application serve as a claim for a refund, it is quite clear that the District Director was misled as to this intent. His form letter of May 9, 1961 indicated that the District Director had acted upon plaintiff's application for a tentative adjustment by disallowing it as untimely, and suggested also that plaintiff might be able to pursue the alternative relief provided for by the statutory scheme noted above. Furthermore, the fact that action upon and response to plaintiff's application took place all within one month is characteristic of the rapid administrative treatment required by 26

U.S.C. § 6411.[1] There is nothing whatever to indicate that the District Director knew that plaintiff intended Form 1045 to serve as a claim for a refund or that the District Director treated the application as a claim for a refund in any way.

In Angelus Milling Co. v. Comm'r of Internal Revenue, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945), Mr. Justice Frankfurter ruled that a claim for a refund " * * * was properly rejected by the Commissioner if it did not satisfy the conditions which Congress directly and through the rule-making power given to the Treasury laid down as a prerequisite for such refund. Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials." (p. 295, 65 S.Ct. p. 1164) "The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the true nature of the claim." (p. 299, 65 S.Ct. p. 1165)

The rationale of Angelus is particularly compelling when applied to the facts of this case. If District Directors would be required to search the four corners of every application for a tentative carryback adjustment received in order to attempt to determine whether such applications were intended by their senders to be informal refund claims which might be subject to amendment after the running of the statute of limitations, then the value and effectiveness of the uniquely rapid remedy fashioned by Congress in 26 U.S.C. § 6411 would be lost.

Though it appears that there is no case law directly on point with the facts presented here, there are several cases in accord with the result reached. See, e. g., Badger Materials, Inc., 40 T.C. 725 (1963); Flex-O-Glass v. United States, 59-1 U.S.T.C. ¶ 9328 (N.D.Ill.1959); Jernigan v. Phinney, 57-2 U.S.T.C. ¶ 9936 (W.D.Tex.1957).

For all of the reasons stated, I hold that plaintiff's submission of his application for a tentative carryback adjustment on Form 1045 did not constitute an informal claim for a refund. No rights of the plaintiff to a refund were preserved thereby.

■ It is plaintiff's further contention that even if his submission of Form 1045 was insufficient, defendant, nevertheless, is estopped from asserting such insufficiency inasmuch as its own employee furnished the improper form. Here, too, however, viewing all of the facts in the light most favorable to plaintiff and accepting his allegations regarding discussions with the government employee who furnished the form as true, plaintiff cannot prevail.

Plaintiff's signature on Form 1045 is placed directly underneath a statement that he has examined said form. In the course of any examination of Form 1045, the following noticeable and legible instructions would be found on page four:

"B. TIME FOR FILING.—If an application for a tentative carryback adjustment is made, it must be filed on or after the date of filing the return for the taxable year of the net operating loss from which the carryback results, but may not be filed later than 12 months from the end of such taxable year.

\* \* \* \* \* \*

"F. DISALLOWANCE OF APPLICATION.—The Internal Revenue Service may disallow any application which contains material omissions, or errors of computation which it deems cannot be corrected by it within the 90-day period. This application for a tentative carryback adjustment does not constitute a claim for credit or refund. If this application is disallowed in whole or in part, no suit based thereon may be maintained in any court for the recovery of any tax. The taxpayer may, however, file a regular claim for credit or refund (Form 843)

---

1. It should be noted, by comparison, that action upon plaintiff's untimely claim for a refund was not completed until fourteen months after he filed it.

at any time before the expiration of the applicable period of limitation." (Deft. Ex. D)

Certainly, plaintiff had ample notice that the form he received was not the proper one upon which to file his claim. In any event, it is well established that the government is not estopped by such acts of its agents as the giving of improper advice. See Federal Crop Ins. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947).

Consequently, the motion of the defendant to dismiss the complaint must be granted.

Settle order on notice.