**Edgar T. CRISMON and Maxine Crismon, his wife, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 75–3381.

United States Court of Appeals, Ninth Circuit.

March 29, 1977.

---

3. *Cf.* 45 C.F.R. § 177.66 (1976):
"If the Commissioner determines that any of the following conditions exist, he may, . . . require reasonable . . . measures to alleviate such conditions as a requirement for an institution's initial . . . par-

ticipation in programs under this part: . . . (d) The institution's financial condition is such that it is unable . . . (3) to provide the administrative resources to comply with the requirements of this part."

Arthur D. Ehrenreich, argued, Burns, Ferrin & Ehrenreich, Phoenix, Ariz., for plaintiffs-appellants.

Gilbert E. Andrews, David E. Carmack, Gilbert S. Rothenberg, Jonathan S. Cohen, argued, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.

Before HUFSTEDLER, GOODWIN and ANDERSON, Circuit Judges.

PER CURIAM:

Taxpayers Edgar T. Crismon and his wife, Maxine (The Crismons), brought suit in the district court below, seeking a tax refund. They claimed a refund of federal taxes paid in the 1966 tax year. The basis was a net operating loss in the tax year 1969 which they proposed to carry back to the year 1966. The district court dismissed the suit for lack of jurisdiction because the Crismons had not filed a proper claim for a refund within the statutory time period. We affirm.

Under 26 U.S.C. § 6511(d)(2)(A) the Crismons had until the 15th day of the 40th month after the end of the taxable year 1969 to file a claim for a refund. This made the last day to file April 15, 1973. They did not file the proper claim for a refund (Form 843) until September 24, 1973, *outside* the statutory time limit. The Crismons argue that a Form 1045 (Application for Tentative Refund from Carryback of Net Operating Loss) which was filed on March 6, 1973, was a timely informal claim for a refund. We disagree. The Internal Revenue Code (26 U.S.C. § 6411(a), the Treasury Regulations (§ 1.6411–1(b)(2), and Form 1045 itself all state specifically that Form 1045, Application for Tentative Carryback Adjustment, is *not* a claim for a credit or refund. *See Rock v. United States,* 279 F.Supp. 96 (S.D.N.Y.1968). We therefore find that filing of the 1045 Form was not a proper claim for a refund, and that the proper form filed by the Crismons was untimely.

Under 26 U.S.C. § 7422(a), the Crismons are prevented from maintaining a suit in any court for a tax refund until a claim for a refund has been "duly filed." An untimely refund claim is not "duly filed." Therefore, the district court properly dismissed the suit for lack of jurisdiction.

The Crismons' contention that the IRS has waived the statute of limitations or is

estopped to assert that defense is without merit.

AFFIRMED.