**THRIF–TEE, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. A–C–79–132.

United States District Court, W. D. North Carolina, Asheville Division.

Nov. 13, 1979.

Philip G. Carson, Asheville, N. C., Robert J. Deutsch, Hendersonville, N. C., for plaintiff.

Susan S. Craven, Asst. U. S. Atty., Asheville, N. C., for defendant.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

The Plaintiff, Thrif-Tee, Inc., a North Carolina corporation brings this civil action against the Defendant, United States of America for the refund of an alleged overpayment of its federal income taxes for fiscal year ending April 30, 1971 attributable to a net operating loss carryback from fiscal year ending April 30, 1973. The Plaintiff alleges that these taxes were erroneously and illegally assessed and collected by the Defendant. The action is brought under 26 U.S.C.A. Section 7422 and jurisdiction is alleged under 28 U.S.C.A. Section 1346(a)(1).

The Defendant moves to dismiss the action pursuant to Rule 12(b), Federal Rules of Civil Procedure on the ground that the Plaintiff has failed to file a timely claim for refund, and that this Court therefore lacks subject matter jurisdiction.

The Court heard arguments of counsel in Asheville on November 1, 1979 and after a full consideration of such arguments, the file and briefs now enters its findings and conclusions.

It is not disputed that the Plaintiff timely filed a U. S. Corporation Income Tax Return (Form 1120) for the fiscal year ending April 30, 1971 and that the tax liability disclosed thereon was $30,052.00. After correcting a computational error, a 1971 fiscal year tax liability of $30,107.09 was assessed and paid.

The Plaintiff alleges that on or about October 1, 1973 an amended U. S. Corporation Income Tax Return (Form 1120X) for the fiscal year ending April 30, 1970 claiming a refund of $3,544.00 for that fiscal year was mailed to the Internal Revenue Service Center in Memphis, Tennessee. That refund was based upon a net operating loss

by the Plaintiff for the fiscal year ending April 30, 1972. The Plaintiff further alleges that on or about October 1, 1973, an Application for Tentative Carryback Adjustment (Form 1139) was mailed to the Internal Revenue Service Center in the same envelope with the above mentioned amended tax return (Form 1120X). This Form 1139 was to carryback a 1973 fiscal year loss to the 1971 fiscal year. The Internal Revenue Service received the amended return (Form 1120X) for the 1970 fiscal year, and a refund in the sum of $3,544.00, plus statutory interest, was made on March 11, 1974.

The Internal Revenue Service has no record of receiving the Application for Tentative Carryback Adjustment (Form 1139) from the Plaintiff. Its records do disclose that on June 2, 1977 it received an unexecuted copy of the form along with a letter requesting action on the original Form 1139 allegedly mailed on or about October 1, 1973. The letter received June 2, 1977 was treated as a claim for refund, and a statutory notice of claim disallowance was issued and mailed by certified mail on December 30, 1977. This informal claim was disallowed by the Internal Revenue Service because it was not timely filed.

Section 7422(a) of the Internal Revenue Code of 1954, under which the Plaintiff brings this action, provides:

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Section 6511(d)(2)(A) of the Internal Revenue Code of 1954, requires that a claim for refund relating to an overpayment attribut-

able to a net operating loss carryback of a corporation must be filed by the 15th day of the 39th month from the end of the year of the net operating loss. (A recent amendment to this section is not applicable since it only affects carrybacks arising in taxable years after November 10, 1978.) There is no allegation that an agreement was entered into between the Plaintiff and the Internal Revenue Service pursuant to Section 6501(c)(4).

The Defendant contends that the claim for refund of the 1971 fiscal year taxes was required to have been filed within a period which ends with the expiration of the 15th day of the 39th month following the end of the taxable year of the net operating loss which resulted in the carryback. Section 6511(d)(2)(A). Accordingly, the claim for refund of the 1971 fiscal year taxes resulting from the carryback of the loss from the 1973 fiscal year was required to have been filed on or before July 15, 1976. Since the claim for refund was not received until June 2, 1977 the Defendant contends that it was not timely filed and the action must be dismissed.

The Plaintiff alleges that an Application for Tentative Carryback Adjustment (Form 1139) was submitted to the Internal Revenue Service on or about October 1, 1973 and that the Defendant should be estopped from asserting that the claim for refund was not timely filed because the Internal Revenue Service has failed to act on this application within the required 90 day period after its alleged filing. The Plaintiff further contends that Section 6411(b) provides that the Secretary shall act upon such application within 90 days and that he failed to do so and that since the language of the Section is mandatory he is estopped or has waived the right to a defense based upon a statute of limitations.

The question as to whether the Plaintiff timely mailed the Application for Tentative Carryback Adjustment (Form 1139) and whether it was received by the Secretary are factual issues which are in dispute. Therefore the matter is not ripe for summary judgment or a motion to dismiss. How-

ever, the Defendant contends that assuming arguendo for the purpose of this motion that the Application for Tentative Carryback Adjustment (Form 1139) was timely filed the motion to dismiss must be allowed, because the application did not constitute a claim for a refund.

The Defendant contends that Section 6411(a) specifically provides that such application does not constitute a claim for credit or refund. Treasury Regulation § 1.6411–1(b)(2) expands upon this provision as follows:

> (2) An application for a tentative carryback adjustment does not constitute a claim for credit or refund. If such application is disallowed by the district director or director of a service center in whole or in part, no suit may be maintained in any court for the recovery of any tax based on such application. The filing of an application for a tentative carryback adjustment will not constitute the filing of a claim for credit or refund within the meaning of section 6511 for purposes of determining whether a claim for credit or refund was filed prior to the expiration of the applicable period of limitation. The taxpayer, however, may file a claim for credit or refund under section 6402 at any time prior to the expiration of the applicable period of limitation, and may maintain a suit based on such claim if it is disallowed or if the district director or director of a service center does not act on the claim within 6 months from the date it is filed. Such claim may be filed before, simultaneously with, or after the filing of the application for a tentative carryback adjustment. A claim for credit or refund under section 6402 filed after the filing of an application for a tentative carryback adjustment is not to be considered an amendment of such application. Such claim, however, in proper cases may constitute an amendment to a prior claim filed under section 6402.

The Plaintiff admits that no claim for refund as such was filed but contends that all the necessary information for such re-

fund is contained in its application for Tentative Carryback Adjustment and the only departure from the perfect procedure was merely of form and not of substance. It is contended that the Commissioner was in no way misled and that he has all the information before him necessary for a favorable decision to refund the taxes. The case of *Hoyt v. United States*, 21 F.Supp. 353, 86 Ct.Cl. 19 is cited and relied upon by the Plaintiff for support of this position.

The Supreme Court in *Angelus Milling Co. v. Commissioner of Internal Revenue*, 325 U.S. 293, 65 S.Ct. 1162, 89 L.Ed. 1619 (1945) seemed to answer this argument when Justice Frankfurter speaking for the Court said:

"Petitioner's claim for recovering processing taxes paid by it was properly rejected by the Commissioner if it did not satisfy the conditions which Congress directly and through the rule-making power given to the Treasury laid down as a prerequisite for such refund. Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials. (citations omitted). Without needless elaboration, we conclude that there is nothing in what Congress has explicitly commanded to bar the claim. The effective administration of these modern complicated revenue measures inescapably leads Congress to authorize detailed administrative regulations by the Commissioner of Internal Revenue. He may insist upon full compliance with his regulation."

The Milling Company contended that the claims filed by Niagara Falls Milling Company, which was owned by the same stockholders, and the petitioner contained all the data required by the regulations. Justice Frankfurter disposed of this contention by holding:

"But it is not enough that somewhere under the Commissioner's roof is the information which might enable him to pass on a claim for refund. The protection of the revenue authorizes the Commissioner to demand information in a particular form, and he is entitled to insist that the form be observed so as to advise him expeditiously and accurately of the true nature of the claim."

Congress, by the enactment of Section 7422(a) explicitly provides that no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary according to the provisions of law and the regulations.

Section 6411 provides for the filing of Tentative Carryback Adjustments and Section 6511 places time limitations on claims for refunds or credits.

Then Regulation § 1.6411–1(b)(2) specifically provides that an application for a tentative carryback adjustment does not constitute a claim for credit or refund.

In *Crismon v. United States*, 550 F.2d 1205 (9th Cir. 1977) the Court held:

"The Internal Revenue Code (26 U.S.C. § 6411(a), the Treasury Regulations (§ 1.6411–1(b)(2), and Form 1045 itself all state specifically that Form 1045, Application for Tentative Carryback Adjustment, is not a claim for a credit or refund. *See Rock v. United States*, 279 F.Supp. 96 (S.D.N.Y.1968). We therefore find that filing of the 1045 Form was not a proper claim for a refund, and that the proper form filed by the Crismons was untimely.

"Under 26 U.S.C. § 7422(a), the Crismons are prevented from maintaining a suit in any court for a tax refund until a claim for a refund has been 'duly filed.' An untimely refund claim is not 'duly filed.' Therefore, the district court properly dismissed the suit for lack of jurisdiction.

"The Crismons' contention that the IRS has waived the statute of limitations or is estopped to assert that defense is without merit."

The Congress answered this argument by providing in Section 6411 that, "an application under this subsection shall not constitute a claim for credit or refund."

Perhaps the strongest contention advanced by the Plaintiff is its claim that assuming arguendo that the application for Tentative Carryback Adjustment was timely filed then the Commissioner is estopped to raise the untimeliness of the claim for refund because he failed to act upon the application within 90 days as required by Section 6411. It is true the statute provides that within 90 days from the date the application is filed the Secretary shall act upon the same but such action is tentative and the statute provides no sanction for his failure to act. In the case of *Zarnow v. C. I. R.*, 48 T.C. 213 (1967) the tax court held that the Commissioner's failure to act within 90 days on petitioner's application under this section for tentative carryback adjustment of 1960 net operating loss did not bar his later determining deficiency for 1960, which was timely filed within consent period, since this section denominated such action as tentative and provided no sanction for failure to act.

It was not necessary for the Plaintiff to await action by the Secretary on its application for tentative carryback adjustment to file its claim for refund. Such claim could have been filed at any time without regard to action or lack of action on the carryback application.

On the basis of the statute, regulations, and the cases cited and relied upon by the Defendant the Court concludes that the Plaintiff's claim for refund was not timely filed and the action must therefore be dismissed for lack of jurisdiction.

An order dismissing the action with prejudice will be entered simultaneously herewith.