Taxes; Court of Claims jurisdiction; timeliness of claim for refund; what constitutes an informal claim re carryback of net operating loss. — On June 6, 1980 the court entered the following order:
Before Davis, Judge, Presiding, Kashiwa and Bennett, Judges.
Plaintiffs seek a refund of income taxes paid for the 1970 tax year on the basis of a net operating loss sustained in *676 1973 but carried back to 1970. The case is before us on the Government’s motion to dismiss the petition on the ground that we lack subject matter jurisdiction.
Plaintiffs filed their return and paid the taxes due for 1970 in a timely manner. Their return for 1973 reflected a negative adjusted gross income due to a net operating loss. On April 15, 1977, plaintiffs filed an applcation for tentative carryback adjustment - form 1045 - seeking to carry back the 1973 net operating loss to 1970. On May 10, 1977, the Internal Revenue Service notified them that their application was denied because it had not been filed within one year after the end of the tax year from which the carryback resulted. In July 1977, plaintiffs filed a formal claim for refund as an amendment to their earlier filing. In December 1977, the Service disallowed the claim on the ground that it was not within the limitations period for claims relating to the 1970 tax year. Suit was filed here in December 1979.
I.R.C. § 7422(a) prohibits a taxpayer from maintaining suit for refund of taxes until a claim for refund has been filed with the Secretary in accordance with I.R.C. §6511 and the regulations thereunder. Section 6511(d)(2)(A) provides that for a claim for refund relating to an overpayment attributable to a net operating loss carryback the limitations period shall extend to the fifteenth day of the fortieth month following the end of the taxable year of the net operating loss. Plaintiffs acknowledge that their formal claim for refund was not filed within this limitations period. They assert, however, that the filing of form 1045 constituted an informal claim for refund within the statutory period and that the formal claim was merely an amendment.
The validity of informal claims for refund has long been recognized by the courts. See, e.g., United States v. Kales, 314 U.S. 186 (1941). The Service, however, "is not required to weigh circumstantial evidence in order to determine whether a taxpayer is asking for a tax refund.” Kuehn v. United States, 202 Ct. Cl. 473, 478, 480 F.2d 1319, 1322 (1973), quoting Barenfeld v. United States, 194 Ct. Cl. 903, 912, 442 F.2d 371, 375 (1971). An informal claim must be clear in alerting the Commissioner that a refund of taxes is *677 sought for certain years. Missouri Pacific R.R. v. United States, 214 Ct. Cl. 623, 627, 558 F.2d 596, 598 (1977). The basic issue is whether under all the facts and circumstances "the Commissioner knew, or should have known, that a claim was being made.” Newton v. United States, 143 Ct. Cl. 293, 300, 163 F. Supp. 614, 619 (1958). See also American Radiator & Standard Sanitary Corp. v. United States, 162 Ct. Cl. 106, 113-18, 318 F. 2d 915, 920-22 (1963).
The only fact alleged by plaintiffs relevant to this issue is that they filed a form 1045 within the limitations period. This was insufficient to put the Commissioner on notice that a claim for refund was being made. Form 1045 is an application for tentative carryback adjustment. I.R.C. § 6411(a) describes this application and states:
An application under this subsection shall not constitute a claim for credit or refund.
Treas. Reg. § 1.6411 — 1(b)(2) reiterates this message:
The filing of an application for a tentative carryback adjustment will not constitute the filing of a claim for credit or refund within the meaning of section 6511 for purposes of determining whether a claim for credit or refund was filed prior to the expiration of the applicable period of limitation.
In addition, the only case on this specific point which had been decided at the time the Commissioner was considering plaintiffs’ application fully supported his position that filing a form 1045 did not constitute the filing of a claim for refund. Rock v. United States, 279 F. Supp. 96 (S.D.N.Y. 1968). Plaintiffs have not cited a single instance of a form 1045 being treated as an informal claim for refund by either a court or the Commissioner. As noted in Rock, supra, the statutory scheme contemplates that applications for tentative carrybacks and claims for refund be administratively reviewed in significantly different ways. Under these circumstances, the Commissioner could not be reasonably expected to know that plaintiffs intended their application for tentative carryback adjustment to be a claim for refund. Plaintiffs have alleged no facts which tend to show that the Commissioner’s treatment of their application in accordance with the usual understanding of the intention of *678 taxpayers filing form 1045 was unreasonable in this case. See Crismon v. United States, 550 F.2d 1205 (9th Cir. 1977).
The result is that plaintiffs have failed to show that they filed an informal claim for refund within the limitations period, and admittedly the formal claim for refund they did file was not timely. We therefore lack jurisdiction to decide their claim.
Accordingly, it is ordered, upon consideration of the submissions of the parties, but without oral argument, that defendant’s motion to dismiss the petition is granted and the petition is dismissed.