Philip W. KIRSH and Rona
Kirsh, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 99Civ.9109(LAP).

United States District Court,
S.D. New York.

July 10, 2000.

Dean L. Surkin, New York City, for plaintiffs.

## MEMORANDUM and ORDER

PRESKA, District Judge.

Plaintiffs, Philip Kirsh and Rona Kirsh, seek a refund of $50,590 claiming overpaid taxes from 1993, 1992 and 1991 due to net operating loss ("NOL") carryback from 1994. The United States has made a motion to dismiss for lack of subject matter jurisdiction on the ground that plaintiffs failed to file a timely formal or informal claim. For the following reasons, defendant's motion is granted.

## BACKGROUND

The following facts are not in dispute. Following the granting of an extension by the Internal Revenue System ("IRS"), plaintiffs' 1994 federal income tax return was due on October 15, 1995. (*See* Serpe Decl. Ex. 1, ¶ 5.) Plaintiffs filed their 1994 tax return in or about August 1996. (*See id.*, ¶ 6.)

On or about November 17, 1997, plaintiffs filed Form 1045, Application for Tentative Refund, for the 1994 tax year to claim the net operating loss ("NOL") carryback to 1993, 1992 and 1991. (*See id.*, ¶ 7.) On December 11, 1997, the IRS denied plaintiffs' claim for a refund because it had not been filed within twelve months after the end of the year in which the NOL carrybacks resulted. (*See id.*, ¶ 8.) The IRS explained that plaintiffs could file a Form 1040X, Amended U.S. Individual Income Tax Return, for each of the years in which the NOL carrybacks resulted, *i.e.*,

1993, 1992 and 1991. (*See id.*) The IRS also warned plaintiffs that the statutory limit for claims based on the 1994 tax year was April 15, 1998.[1] (*See id.* at Ex. C.)

Despite the IRS's warning, plaintiffs filed Form 1040X in or about January 1999, and it was received by the IRS on February 6, 1999. (*See id.*, ¶ 9.) The IRS denied this claim in a letter dated April 21, 1999 stating that the Form 1040X was not timely because plaintiffs had failed to file within the three-year statute of limitations. (*See id.* at Ex. D.)

Plaintiffs appealed this disallowance contending that the filing of Form 1045 in November 17, 1997 gave the IRS sufficient and complete notice of plaintiffs' refund claim to constitute an informal claim for a refund within the statute of limitations period. (*See id.*, ¶ 10.) The IRS denied the appeal. (*See id.*) Plaintiffs then commenced this action.

## DISCUSSION

### I. Motion to Dismiss Standard

In considering a motion to dismiss under Rule 12(b)(1), I must view the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir.1985). I must accept as true the factual allegations stated in the complaint, *see Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and draw all reasonable inferences in favor of the plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir.1993). A motion to dismiss may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim

---

1. Normally, the applicable three-year statute of limitations would have expired on April 15, 1998. However, plaintiffs were granted a 6-month extension to file their 1994 income tax return by the IRS, which extended the statute of limitations in the instant case to October 15, 1998.

which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Even under this liberal standard, however, I find that plaintiffs' claim suffers from deficiencies that mandate its dismissal.

## II. *Subject Matter Jurisdiction*

■ It is well established that under the doctrine of sovereign immunity, no person may sue the federal government absent its consent to be sued. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also Morpurgo v. Bd. of Higher Educ. of N.Y.*, 423 F.Supp. 704 (S.D.N.Y.1976). In consenting to be sued, the government may establish terms of its consent. *See United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). If the delineated terms are not met, a court does not have jurisdiction over the action. *See id.* at 538, 100 S.Ct. 1349.

■ "Through 28 U.S.C. § 1346, Congress has broadly consented to suits [seeking a refund of taxes allegedly erroneously assessed or collected] against the U.S. in district courts." *United States v. Forma*, 42 F.3d 759, 763 (2d Cir.1994). Prior to initiating an action in federal court pursuant to 28 U.S.C. § 1346, 26 U.S.C. § 7422(a) requires that a claim be "duly filed" with the IRS.[2] *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025 (1931). "Duly filed" has been defined as filing a claim within the statute of limitations. *See Rock v. United States*, 279 F.Supp. 96, 98 (S.D.N.Y.1968) ("It is elementary that an untimely claim is not 'duly filed'.").

**2.** Section 7422(a) states in pertinent part:

(a) No suit ... shall be maintained in any court for the recovery of ... any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund ... had been duly filed.

26 U.S.C. § 7422.

**3.** Section 6511(d)(2)(A) states in pertinent part:

In addition to the above regulations, 26 U.S.C. § 6511(d)(2) states that the limitation period on the allowance of refunds of federal taxes based on an NOL carryback is "3 years after the time prescribed by law for filing the return (including extension thereof)...."[3]

■ There can be little doubt that plaintiffs failed to "duly file" a formal claim at the IRS for a refund. According to the undisputed facts, plaintiffs were granted a six-month extension to file their 1994 income tax returns. (*See* Serpe Decl. Ex. 1, ¶ 5.) Therefore, the deadline to file the Form 1040X as provided by Section 6511(d)(2) would have been October 15, 1998. However, plaintiffs concede that they filed Form 1040X in or about January 1999, more than three months later than the elapse of the three-year statute of limitations. (*See id.* at Ex. D.) For this reason, it is clear that plaintiffs failed to file a timely formal claim for refund.

■ Acknowledging that they did not file a timely 1040X form, plaintiffs claim that the filing of Form 1045 in or about November 17, 1997 should be considered a timely informal claim that would satisfy the statute of limitations provided by Section 6511(d)(2). (*See* Plaintiffs' Memorandum of Law in Opposition of Motion to Dismiss at 2) (hereinafter "Pls.' Mem."). Case law and regulatory statutes dictate that this cannot be so.

First, there is explicit language in both the regulations and on the forms that clearly states that Form 1045 will not constitute a claim for refund and that Form 1045 and Form 1040X may not be interchanged. Specifically, Section 6411(a),

If the claim for credit or refund relates to an overpayment attributable to a net operating loss carryback ..., in lieu of the 3–year period prescribed in subsection (a), the [statute of limitations] shall be that period which ends 3 years after the time prescribed by law for filing the return (including extensions thereof) for the taxable year of the net operating loss....

26 U.S.C. § 6511(d)(2).

which provides the right to apply for a tentative carryback adjustment (Form 1045), states, "an application under this subsection shall not constitute a claim for credit or refund." 26 U.S.C. § 6411(a). Moreover, the Instructions for Form 1045 also warn that "this application for a tentative carryback adjustment is not a claim for credit or refund.... But you may file a regular claim for credit or refund before the limitation period expires, as explained below under Form 1040X or Other Amended Return." (*See* Serpe Decl. Ex. 5.)

Furthermore, case law firmly supports the notion that Form 1045 does not provide timely informal notice for Form 1040X. In *Rock v. United States,* 279 F.Supp. 96 (S.D.N.Y.1968), the court held that "the differences between an application for a tentative carryback adjustment [Form 1045] and a claim for a refund [Form 1040X] are not merely formal; they are substantive, as the statute and regulations as well as Form 1045 itself so state." *Id.* at 99. Moreover, plaintiffs do not cite any case law that explicitly deems Form 1045 an informal claim for a refund.

Plaintiffs would like me to disregard both case law and clear regulatory language in favor of an argument that rests on congressional intent as expressed in the legislative history of Section 6411 and recent technological advances.

■ First, plaintiffs claim that the *Rock* Court did not consider congressional intent of Section 6411. (*See* Pls.' Mem. at 4.) However, it is a well-established principle that a court need not look to legislative history if the statutory language is clear and unambiguous. *See Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) ("[A court's] first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case, and inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent ...."); *see also Disabled in Action of Metro. N.Y.*

*v. Hammons,* 202 F.3d 110, 119 (2d Cir. 2000) ("In construing the terms of a statute, we look first to the language itself."); *Beckett v. Prudential Ins. Co.,* 893 F.Supp. 234, 238 (S.D.N.Y.1995) ("[W]here the statutory language is unambiguous, [a] court must do no more and no less than apply language as written."). In the instant case, the language in Section 6411 is both clear and unambiguous in setting forth the application's requirements and deadlines. Accordingly, I may not consider the legislative history in interpreting the statute.

Plaintiffs next contend that to grant Defendant's motion to dismiss in this action would "eviscerate" the Supreme Court's holding in *United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). In *Kales,* plaintiff wrote a letter regarding an excessive tax assessment to the tax collector and the IRS Commissioner. *See id.* at 190, 62 S.Ct. 214. Plaintiff later made a formal claim for refund of those excessive taxes, but the statute of limitations had already run. *See id.* at 191, 62 S.Ct. 214. The Court held that the letter, which was written within the statute of limitations, acted as informal timely notice to the IRS and, therefore, plaintiff's claim for refund was not barred. *See id.* at 196, 62 S.Ct. 214. The Court noted that "neither the original nor the amended claim has ever been rejected as inadequate.... There has been no objection to the claim on the ground that it was informal, deficient in its content, or untimely." *Id.* The Court continued that "respondent's amended formal claim of September 11, 1928 only made more specific the allegations of her earlier informal claim...." *Id.* at 195, 62 S.Ct. 214.

However, *Kales* can and must be distinguished from the instant case. Here, the IRS clearly rejected plaintiffs' original Form 1045 claim on the ground that it was untimely. (*See* Serpe Decl. Ex. 1, ¶ 8.) Furthermore, since Form 1045 and Form 1040X are separate and distinct forms, plaintiffs cannot claim that the later formal claim was simply making "more specific"

the earlier informal claim. In fact, the instructions for Form 1045 explicitly so state.[4]

Finally, plaintiffs argue that this court should not be bound by *Rock* because of the advances in computerization that now allow "any agent [to] access information about a particular taxpayer." (Pls.' Mem. at 4.) While computerization at the IRS is laudable, it is not relevant to the particulars of this case and does not mandate that explicit statutory language and relevant case law be ignored.

## CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is granted.

The Clerk of the Court shall mark this action closed and all pending motions deemed as moot.

SO ORDERED.

---

**4.** Instructions for Form 1045 state in pertinent part: "This application for a tentative carryback adjustment is not a claim for credit or refund."