**Philip W. KIRSH & Rona Kirsh, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 00–6240.

United States Court of Appeals, Second Circuit.

Argued March 21, 2001.

Decided Aug. 6, 2001.

Dean L. Surkin, New York, NY, for Plaintiffs–Appellants.

Silvia L. Serpe, Assistant United States Attorney (Mary Jo White, United States Attorney, Southern District of New York, and Jeffrey S. Oestericher, Assistant United States Attorney, Of Counsel), New York, NY, for Defendant–Appellee.

Before JON O. NEWMAN, PARKER, and SACK, Circuit Judges.

PER CURIAM:

Plaintiffs–Appellants Philip W. Kirsh and Rona Kirsh (collectively, "the Kirshes") appeal from the judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge), entered July 11, 2000 upon a July 6, 2000 memorandum and order, dismissing the Kirshes' complaint for lack of subject matter jurisdiction. *See Kirsh v. United States,* 131 F.Supp.2d 389 (S.D.N.Y.2000).

In November 1997, the Kirshes filed Internal Revenue Service ("IRS") Form 1045, "Application for Tentative Refund," requesting a tentative carryback adjust-

ment for the 1994 tax year due to net operating losses from previous years. The IRS denied the application because the Kirshes filed the application outside the one-year period of limitations within which such refund applications must be filed. 26 U.S.C. § 6411(a). In its letter denying the application, the IRS notified the Kirshes that they still had time to file a claim for refund, which could be done by filing IRS Form 1040X, "Amended U.S. Individual Income Tax Return." The Kirshes, however, did not file a Form 1040X until after the three-year period of limitations for claims for refund due to net operating loss carrybacks set forth at 26 U.S.C. § 6511(d)(2) had expired. When the IRS denied their claim for refund, the Kirshes filed suit pursuant to 28 U.S.C. § 1346.

The Kirshes claim that, by filing the earlier Form 1045 application, they filed an informal claim for refund, thus tolling the period of limitations for claims for refund set forth at § 6511(d)(2). The district court rejected this argument and dismissed the Kirshes' complaint. The court concluded that, under the relevant statutory and regulatory language and in light of communications to the Kirshes by the IRS and the instructions on the forms themselves, the Kirshes had not "duly filed" a claim for refund as required by 26 U.S.C. § 7422(a), and that the court therefore lacked subject-matter jurisdiction over the action. *Kirsh*, 131 F.Supp.2d at 391–93.

On appeal, we review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.1994). We affirm for substantially the same reasons as set forth in the district court's memorandum and order. *See Kirsh v. United States*, 131 F.Supp.2d 389 (S.D.N.Y.2000).

For the foregoing reasons, the decision of the district court is AFFIRMED.