17-2452
Silipigno v. United States

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley
Square, in the City of New York, on the 30th day of January, two thousand
nineteen.

PRESENT:  AMALYA L. KEARSE,
          DENNIS JACOBS,
          ROBERT D. SACK,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - -X
DAVID B. SILIPIGNO,
          Plaintiff-Appellant,

          -v.-                                17-2452

UNITED STATES OF AMERICA,
          Defendant-Appellee.
- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                          William J. Dreyer (Lauren S. Owens, on the brief), Dreyer Boyajian LLP, Albany, NY.


FOR APPELLEE:                           Julie Ciamporcero Avetta, Tax Division (Grant C. Jaquith, United States Attorney for the Northern District of New York; Richard E. Zuckerman, Principal Deputy Assistant Attorney General; Thomas J. Clark, Tax Division, on the brief), United States Department of Justice, Washington, DC.


Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, J.).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.


David B. Silipigno appeals from a judgment of the United States District Court for the Northern District of New York (Kahn, J.) dismissing his complaint in part and granting summary judgment for the government on his remaining tax claim.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.


Silipigno filed suit seeking a tax refund of $806,586 (plus statutory interest) for the 2004 tax year, and $509,752 (plus statutory interest) for the 2005 tax year, based on net operating loss ("NOL") carrybacks from the 2009 and 2007 tax years, respectively.


On the parties' cross-motions for summary judgment, the district court: (1) dismissed the refund claim for the 2004 tax year on the ground that Silipigno's failure to timely file a proper refund claim with the Internal Revenue Service

("IRS") deprived the court of jurisdiction; and (2) granted the government's motion with respect to the 2005 refund claim on the ground that the NOL carryback claimed for 2005 would be offset by a significant deficiency resulting from Silipigno's underreporting of his 2005 income taxes.

"We review de novo a district court's legal conclusion with respect to subject matter jurisdiction."   Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (citing In re Vogel Van & Storage, Inc., 59 F.3d 9, 11 (2d Cir. 1995)).   We likewise review a grant of summary judgment de novo.   Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 93–94 (2d Cir. 2014).   The moving party bears the burden to demonstrate the absence of any genuine disputes of material fact; and we "view the evidence in the light most favorable to the party opposing summary judgment, [] draw all reasonable inferences in favor of that party, and [] eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted).

1.      "[T]he United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."   United States v. Dalm, 494 U.S. 596, 608 (1990) (internal quotation marks omitted).   "Through 28 U.S.C. § 1346(a)(1), Congress has broadly consented to suits against the United States in the district courts for the refund of any federal taxes alleged to have been erroneously or illegally assessed or collected[.]"   United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994) (internal quotation marks omitted).   "But, other statutory provisions, as well as the Supreme Court's interpretation of § 1346(a)(1), establish a range of restrictions that qualify a taxpayer's right to bring an independent refund suit in the district court."   Id.   "Specifically, 26 U.S.C. § 7422(a) provides that a taxpayer must have first filed a 'claim for refund or credit' with the IRS to maintain a refund suit[.]"   Id.   "[A]n informal claim is sufficient to satisfy the statutory prerequisite of a timely administrative claim found in 26 U.S.C. § 7422(a)," provided that "a satisfactory informal claim must at least alert the IRS that the taxpayer seeks a refund and must also indicate the grounds upon which the taxpayer's claim is based."   Id. at 767 n.13 (internal quotation marks and alterations omitted).

3

Silipigno argues that he timely filed a satisfactory informal refund claim for 2004 in the form of his Form 1045 tentative application for refund, which requested a refund based on his claimed NOL carryback from the 2009 tax year. However, a tentative application for refund based on an NOL carryback "shall not constitute a claim for credit or refund." 26 U.S.C. § 6411(a); see also Kirsh v. United States, 258 F.3d 131, 132 (2d Cir. 2001). Because Silipigno failed to timely file a refund claim for the 2004 tax year as required by 26 U.S.C. § 7422(a), his claim falls outside of the government's consent to refund suits under 28 U.S.C. § 1346(a)(1), and the district court (as it held) lacked jurisdiction to entertain his claim. See Dalm, 494 U.S. at 608.

**2.** "In a tax refund suit, the burden of proof is on the taxpayer to prove an overpayment of tax and the amount he is entitled to recover." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citations omitted). The district court ruled that even if Silipigno is entitled to carry back to 2005 his claimed $1,414,014 NOL from 2007, he failed to submit evidentiary support for $4,510,050 in "cost of goods" expenses that he subtracted from his gross business income on his 2005 return, and that therefore no reasonable jury could find that Silipigno discharged his burden to prove his entitlement to a refund for the 2005 tax year.

Silipigno first argues that the district court's review of expenses claimed on his 2005 return was improper because the limitations period under 26 U.S.C. § 6501(h) for the assessment of a deficiency in his 2005 taxes had expired. However, "in an action brought pursuant to 28 U.S.C. § 1346(a)(1) for a refund of taxes already paid to the government, the district court is required to redetermine the entire tax liability." R.E. Dietz Corp. v. United States, 939 F.2d 1, 4 (2d Cir. 1991); see also Lewis v. Reynolds, 284 U.S. 281, 283 (1932) ("Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded."), modified, 284 U.S. 599.

Silipigno additionally argues that the "cost of goods" deduction in his 2005 return was valid. But his conclusory assertions do not meaningfully contest the

district court's determination that there was a "complete lack of records" submitted in support of the expenses claimed on Silipigno's 2005 return. App. 173. Accordingly, we find no error in the district court's conclusion that Silipigno has failed to discharge his burden of proving that he is entitled to a refund for the 2005 tax year, and that the government was therefore entitled to summary judgment on that claim. See Burnet v. Houston, 283 U.S. 223, 228 (1931) ("The impossibility of proving a material fact upon which the right to relief depends simply leaves the claimant upon whom the burden rests with an unenforceable claim[.]").

**3.** Silipigno argues that the government should be equitably estopped from denying his refund requests, because the IRS allegedly misrepresented to him that his 2004 and 2005 refund claims would be granted, and failed to notify him that they were being disallowed at a time when he could have amended his 2007 and 2009 returns and may have had better access to documentation for his claims. As to Silipigno's 2004 refund claim, equitable considerations do not alter the fact that his claim is not cognizable in district court under the controlling jurisdictional statutes. See Dalm, 494 U.S. at 611. With respect to his 2005 refund claim, in particular his failure to prove that the deduction claimed on his 2005 return was valid, "the Supreme Court has stated on a number of occasions [that] the allowance of deductions does not turn upon general equitable considerations." Andrew Crispo Gallery, Inc. v. Comm'r of Internal Revenue, 16 F.3d 1336, 1341 (2d Cir. 1994) (citing Deputy v. du Pont, 308 U.S. 488, 493 (1940)).

We have considered Silipigno's remaining arguments and conclude they are without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5