In re CROSS KEYS MOTORS, INC., Debtor.

CROSS KEYS MOTORS, INC., Plaintiff,

v.

FARMERS BANK AND TRUST COMPANY OF HANOVER, Defendant.

Bankruptcy No. 1–81–01145.
Adv. No. 1–82–0195.

United States Bankruptcy Court,
M. D. Pennsylvania.

May 13, 1982.

Robert D. Kodak, Harrisburg, Pa., for plaintiff.

Eugene E. Pepinsky, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

### RE: TURNOVER AND SETOFF

THOMAS WOOD, Bankruptcy Judge.

The Debtor-In-Possession (DIP) seeks an Order requiring Farmers Bank and Trust Company (Bank) to turn over certain bank accounts "frozen" by the Bank, and to turn over the proceeds of the Bank's pre-petition liquidation of a certificate of deposit owned by the Debtor.

### FINDINGS OF FACT

1. The Debtor filed a Chapter 11 petition in bankruptcy on December 10, 1981.

2. On July 3, 1981, the Debtor borrowed $20,000 from the Bank and assigned to the Bank a $70,000 certificate of deposit as "collateral security" for the loan and for "any other debts or liabilities of the Debtor, now in existence, or that may hereafter be contracted."

3. There being a default in the repayment of the July 3, 1981, loan and other obligations of the Debtor to the Bank, the Bank liquidated the certificate of deposit and applied all or part of the proceeds to payment of the Debtor's obligations to the Bank. This was done in December of 1981, prior to the date on which the Debtor filed its Chapter 11 petition.

4. The Bank also "froze" various bank accounts of the Debtor after the Debtor's Chapter 11 petition was filed, and has denied access by the Debtor to the Dealer Reserve Account maintained by the Bank.

5. The DIP is substantially and adversely affected by a lack of working capital for the maintenance of business operations during the current and prospective phases of its operation as a debtor-in-possession, and

is without evident means to obtain such capital prior to reorganization. This condition impedes the development of a plan of reorganization and interim operation under Chapter 11.

6. The Dealer Reserve Account is a non-interest bearing account relating to retail installment obligations acquired by the Bank from the Debtor. The parties' entitlement to funds placed in the account is governed by a contract. The Bank has not taken any positive action adverse to the interest of the DIP in the Dealer Reserve Account since the Debtor's Chapter 11 petition was filed.

## DISCUSSION

■ The Bank based its liquidation of the certificate of deposit assigned by the Debtor on the rights provided to it in the assignment document. Were it not for the subsequent election by the Debtor to file a Chapter 11 petition, it appears that the Bank's action would not be at issue. The Debtor's Chapter 11 status necessitates consideration of the protective provisions of the Bankruptcy Code, both explicit and implicit. We find no explicit Code provision enabling either the DIP or the Court to upset the Bank's exercise of the powers incident to the assignment of the certificate of deposit. However, there appears to be an implicit basis for relief. It is enunciated in the case of In re Alpa Corporation, Bkrtcy., 11 B.R. 281. In that case, the Court ruled that a pre-petition seizure of property by the Internal Revenue Service should be overturned because the debtor corporation retained an interest in the property despite seizure. The instant assignment, while different from an Internal Revenue Service seizure in nature and consequence, was not an absolute transfer of property. The purpose was to provide "collateral security." Upon repayment of the loan the Debtor had the right to recover the deposit, despite the absence of a clear provision to that effect on the face of the assignment. This right was acknowledged by the Bank; a former employee of the Bank stated that discharge of the obligation by payment would have entitled the Debtor to return of the certificate. We note that the assignment was dormant from the day of its execution to the date the Bank decided on liquidation. Also, it is evident that the Debtor's financial straits led to liquidation almost in the shadow of the Debtor's bankruptcy petition.

The circumstances of the Debtor's transaction with the Bank are such that we are persuaded to apply the concept enunciated in the case of In re Alpa Corporation, supra. The elements of interest, possible reorganization, probable availability of collateral sufficient to provide adequate protection, and the evident legislative purposes of Chapter 11 support a judgment in the favor of the DIP as to the proceeds of the liquidation of the certificate. A turnover will be required, provided that the parties agree upon a means to assure adequate protection of the Bank's interest, or the Court finds, after hearing, that adequate protection can be provided as alleged by the DIP. By this means the opportunity to attempt reorganization will be protected and the prospects for the unsecured creditors will be improved, without exposing the Bank to loss of its interest.

## BANK ACCOUNT SETOFF

■ The exercise of the right of setoff after the Chapter 11 petition was filed violated the provisions of section 362 of the Bankruptcy Code. The setoff of any debt owing to a debtor that arose before the commencement of a case under this title against any claim against the debtor is specifically prohibited. Therefore the DIP is entitled to relief as to its bank accounts. In re Kenney's Franchise Corporation, 12 B.R. 390 (Bkrtcy.W.D.Va., 1981).

Monies on deposit in the Dealer Reserve Account are not available to the DIP. The DIP has such rights in the account as the Debtor had, but those rights do not include the right to withdraw funds at will. Further, it does not appear that the Bank has taken any measure to alter the contractual status of that account. Its availability to the DIP at this time is no different from its pre-petition availability to the Debtor.

CONCLUSIONS OF LAW

1. The Farmers Bank and Trust Company is obliged to turn over the proceeds of liquidation of the Debtor's certificate of deposit, provided that adequate protection of the Bank's interest therein first be assured.

2. The Farmers Bank and Trust Company is obliged to restore to the Debtor-In-Possession control over the bank accounts to which this proceeding relates, except the account known and designated as The Dealer Reserve Account.