**In re Harry Lee FERGUSON, Sr., Debtor.**

**Harry Lee FERGUSON, Sr., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 87–00840–BKC–J13. Adv. No. 87–0118–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

March 15, 1988.

T.J. Mullin, Clayton, Mo., for debtor.

Eileen Voss, St. Louis, Mo., trustee.

Robert D. Metcalfe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

This matter is before the Court on Plaintiff's Complaint to Compel Turnover filed against the Internal Revenue Service. The parties filed a Stipulation of Facts with this Court and arguments of counsel were heard. The matter was then taken under submission by the Court. After consideration of the record as a whole, the following findings and conclusions are made.

Plaintiff, Harry Ferguson, Sr., owed the United States Government $1,361.00 for unpaid income taxes for the tax year ending December 31, 1984, plus a negligence penalty of $198.14. Subsequent to the assessment of that amount as due and owing, Ferguson filed form 1040 with the Internal Revenue Service which reflected a refund due him of $1,210.00 for his overpayment of federal taxes during tax year 1986.

On March 24, 1987, Ferguson filed his Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's plan of repayment of debt was confirmed by Order of this Court on April 22, 1987.

Subsequent to the Debtor's filing for relief, the income tax refund owed Plaintiff for tax year 1986 was setoff against the Debtor's unpaid taxes owed for tax year 1984. The Internal Revenue Service thereafter filed a Proof of Claim reflecting the balance due from Ferguson after giving credit for the amount offset from the 1986 refund.

Ferguson now challenges the actions of the Internal Revenue Service in offsetting the refund due him against taxes owed for a previous tax year as violating the automatic stay of 11 U.S.C. § 362. In addition, the Debtor claims the offset was not in conformity with the requirements of 11 U.S.C. § 553(a). The Complaint requests this Court enter an Order requiring the Service to turn over the amount of the refund due Plaintiff. Attorney fees are also requested.

■ The Internal Revenue Service was operating under and pursuant to a General Order of this Court dated July 23, 1982, in which the Service was authorized to offset against any refund due a Chapter 7 or Chapter 13 debtor, in a case pending before this Court, any taxes due the United States.

The General Order was issued pursuant to the broad authority granted to this Court in 11 U.S.C. § 105(a). Under this subsection the Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. 11 U.S.C. § 105(a). The Order acts to modify 11 U.S.C. § 362 to the extent outlined therein. Thus, no violation of the automatic stay occurred when the Internal Revenue Service offset the refund as against the taxes owed.

■ The Debtor also challenges the setoff as improper pursuant to 11 U.S.C. § 553(a).[1]

There is no question that the debt owed by the Debtor to the government arose pre-petition. Also, the debt owed Plaintiff for the overpayment of 1986 income taxes was a pre-petition debt, as the obligation arose on December 31, 1986. See *In Re Dominguez*, 67 B.R. 526 (Bkrtcy.N.D. Ohio 1986).

The critical determination is whether the debts are "mutual". The formula for establishing mutuality which arose under the Bankruptcy Act is still applicable under the Bankruptcy Code. To allow a setoff, the Court must find that the claims of the parties are owing to and due in the same rights and capacities. *In Re Virginia Block*, 16 B.R. 771, 775 (Bkrtcy.W.D.Va. 1982). Such mutuality was found to exist between the Service and a Chapter 13 Debtor in *In Re Dominguez, supra*, which is a case directly on point with the instant matter. This Court has no difficulty in

---

1. 11 U.S.C. § 553(a) reads in pertinent part:
    "(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case."

concluding the requisite mutuality exists in this case.

■ Absent a finding of a right to relief under other theories asserted here, Plaintiff has requested this Court rely upon its equitable power to order the turnover of the refund. This Court declines to do so in this case.

Having concluded no violation of the automatic stay occurred in this case and that the requirements of the Bankruptcy Code § 553 were met, it will be ordered by Separate Order entered this date that judgment on Plaintiff's Complaint be entered in favor of the Defendant.

## ORDER

Plaintiff's Complaint to Compel Turnover having been previously set for trial and the parties then appearing by counsel and the Debtor also appearing in person, and a Stipulation of Facts having then been filed and arguments of counsel having then been heard and the matter taken under submission, and the issues relating thereto now having been duly considered by this Court and a separate Memorandum Opinion having been entered this date;

IT IS ORDERED the Judgment on the Complaint to Compel Turnover be and hereby is entered in favor of the Defendant, the Internal Revenue Service, and against the Plaintiff, Harry Lee Ferguson, Sr.; and that the Plaintiff's request for a return of certain monies and other relief is denied; and each party is to bear their own fees and costs.