In the Matter of Kim Louise
FIRESTONE, Debtor.

Bankruptcy No. BK94–40461.

United States Bankruptcy Court,
D. Nebraska.

Feb. 24, 1995.

Susan L. Knight, Asst. U.S. Atty., Lincoln, NE, J. Joseph Raymond, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S. Dept. of Justice/I.R.S.

Kevin Ruser, Lincoln, NE, for debtor.

Joseph H. Badami, Chapter 7 Trustee, Lincoln, NE.

1. As Amended.

## MEMORANDUM [1]

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Motion for Relief From the Automatic Stay by the United States, by and through the Internal Revenue Service ("IRS"), (Fil. # 9), and the Resistance and Amended Resistance by the debtor (Fils. # 11 and # 12). The Motion for Relief From the Automatic Stay (Fil. # 9) is sustained.

### FINDINGS OF FACT

The debtor, Kim Firestone, filed Chapter 7 bankruptcy on April 21, 1994. At that time, the debtor owed the IRS approximately $141,196.99 in pre-petition tax liabilities for the years of 1984 to 1986. The debtor did not file her 1993 income tax return by April 15, 1993, but was instead granted an extension. On August 13, 1994, the debtor filed her 1993 federal income tax return, claiming an Earned Income Credit of $561.00. The United States, acting through the IRS, filed the present Motion for Relief under § 362(d)(1), asserting a right to offset the refund amount of $561.00 owed to the debtor against the $141,196.99 owed by the debtor to the IRS. The parties do not dispute the mutuality of the debts involved, as both debts involve the same parties. However, the parties do dispute whether the tax refund is a pre-petition or post-petition debt.

### DISCUSSION

■ A right to setoff under § 553 establishes a *prima facie* case of cause to lift the automatic stay. *In re Whitaker*, 173 B.R. 359, 361 (Bankr.S.D.Ohio 1994); *In re Orlinski*, 140 B.R. 600, 603 (Bankr.S.D.Ga.1991). Therefore, the United States will be entitled to relief from the automatic stay if it can meet the requirements of § 553, unless the debtor can rebut the *prima facie* case for relief. Section 553 of the Bankruptcy Code preserves a right to offset created by non-bankruptcy law where the debts sought to be offset are mutual and both debts arose pre-petition. 11 U.S.C. § 553(a) (1995).

Section 6402 of the Internal Revenue Code provides that the IRS may offset the amount of any overpayment against a prior tax debt of a taxpayer. 26 U.S.C. § 6402(a) (1994). This right of offset will be preserved in bankruptcy if the remaining qualifications of § 553 are met. The parties agree that the debts sought to be offset are mutual, and that the debt owed by the debtor to the IRS arose pre-petition, as a result, the only remaining issue concerns whether the tax refund obligation owed by the IRS to the debtor arose pre-petition.

The debtor asserts that the IRS is not entitled to setoff in this case because the tax refund obligation did not arise until the 1993 tax return was actually filed, in August of 1994, some three months after the bankruptcy case was commenced. Therefore, the debtor argues, the refund obligation arose post-petition, and under § 553 the IRS may not offset its pre-petition tax claim against the debtor's post-petition right to refund. The United States, on the other hand, asserts that the tax refund obligation arose pre-petition, either at the end of the 1993 tax year, December 31, 1993, or at the time the 1993 tax return was due and payable, April 15, 1994. Although there exists a split of authority on this issue, I choose to follow the apparent majority and conclude that the tax refund obligation of the United States arose at the end of the 1993 tax year, December 31, 1993. See *In re Thorvund–Statland,* 158 B.R. 837, 838–39 (Bankr.D.Idaho 1993) (discussing both positions and concluding that the end of the tax year is the controlling date); *In re Midway Indus. Contractors, Inc.,* 167 B.R. 139, 143 (Bankr.N.D.Ill.1994) (stating that although a claim for loss carry-back tax refund was filed post-petition, the tax refund was a pre-petition debt) rev'd on other grounds *In re Midway Indus. Contractors, Inc.,* 178 B.R. 734 (N.D.Ill.1995); *In re Conti,* 50 B.R. 142, 148 (Bankr.E.D.Va.1985) (stating that the Internal Revenue Code provisions dealing with allowance of a refund do not control the date the debt arose for purposes of § 553, and the tax refund debt arose upon the end of the taxable year). *Cf. Mertz v. Rott,* 955 F.2d 596, 598 (8th Cir.1992) (holding that an anticipated tax refund was property of the bankruptcy estate as of the date the bankruptcy case was filed). As stated by the court in *In re Conti,* the obligation for a refund arises upon the end of the taxable year, and the time of filing the tax return is merely a procedural requirement to claim the amount already owed. *In re Conti,* 50 B.R. at 148.

Based on the above cited reasoning, I conclude that the tax refund obligation of the United States to the debtor in this case arose pre-petition, at the end of the 1993 tax year. Consequently the United States is entitled to setoff under § 553, and has established a *prima facie* case for relief from the automatic stay. The debtor has failed to come forward with sufficient evidence as to why the automatic stay should not be lifted. Therefore, I conclude that the United States should be granted relief from the automatic stay to offset the mutual debts.

IT IS THEREFORE ORDERED, that the Motion for Relief From the Automatic Stay by the United States (Fil. # 9) is sustained. The United States is granted relief from the automatic stay to setoff the mutual tax debts between the debtor and the United States.