**In re John D. RAMIREZ, Debtor.**

**John D. Ramirez, Plaintiff,**

**v.**

**Minnesota Department of Revenue, Defendant.**

**Bankruptcy No. 00–41822.**
**Adversary No. 00–4240.**

United States Bankruptcy Court,
D. Minnesota,
First Division.

Sept. 12, 2001.

Bradford Colbert, William Mitchell College of Law Library, St. Paul, MN.

John R. Stoebner, Lapp Laurie Libra Thomson & Stoebner Chtd., Minneapolis, MN, trustee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR SUMMARY JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on a motion for summary judgment brought by the Debtor, John Ramirez ("Debtor"), and a counter motion for summary judgment brought by the Defendant, Minnesota Department of Revenue ("MDR"). Appearances were as noted in the record. Based upon the agreed undisputed facts, the file and all proceedings herein, I make the following:

### FINDINGS OF UNDISPUTED FACT

On May 23, 1995, Debtor filed a 1994 Minnesota individual income tax return with the MDR. This return self-assessed taxes due, but unpaid, of $879. Debtor did not pay any part of this liability at the time he filed his return, nor thereafter. Between June 1995 and September 1996, Debtor and the MDR communicated several times regarding the Debtor's inability to pay the 1994 tax liability.

On April 10, 2000, Debtor filed a petition under Chapter 7 of the Bankruptcy Code. On April 17, 2000, Debtor filed a Minnesota individual income tax return for the 1999 tax year with the MDR. On his 1999 return, Debtor claimed a refund of $264. On April 22, 2000, the MDR setoff the tax refund due Debtor for the 1999 tax year against Debtor's unpaid 1994 income tax liability. On May 11, 2000, Debtor's counsel wrote to the MDR and requested the return of the 1999 tax refund to Debtor. The MDR responded to Debtor's counsel, stating that it had the right to setoff the refund against the unpaid tax debt pursuant to Local Rule 4001–1 of the United States Bankruptcy Court for the District of Minnesota. See BANKR. D. MINN. L.R. 4001–1. On July 18, 2000, the Court entered an Order of Discharge in Debtor's bankruptcy case. On February 26, 2001, Debtor filed this action seeking to recover the 1999 tax refund and adjudging that the 1994 tax debt is discharged. The MDR does not dispute that Debtor's unpaid liability for Minnesota state income taxes for

1999 was discharged in this case. It does claim, however, that it properly setoff Debtor's 1999 tax refund. At the hearing on the motion, Debtor raised a new argument. The Debtor now asserts that his 1999 tax refund was exempt property under 11 U.S.C. § 522(d)(5) and not subject to setoff.

## CONCLUSIONS OF LAW

Summary judgment is appropriate under Federal Rule of Bankruptcy Procedure 7056 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There are no disputed facts in this case and, under the applicable law, summary judgment is appropriate.

The MDR's statutory authority to setoff refunds against existing tax liabilities derives from MINN. STAT. § 270.07, subd. 5 (1999).[1] Under this statute, "notwithstanding any other provision of law to the contrary," the MDR may credit· the amount of an overpayment of tax against any uncontested delinquent tax liability.

■ Except for the automatic stay, the Bankruptcy Code does not affect the MDR's right to setoff a prepetition income tax refund against a prepetition income tax debt. *See* 11 U.S.C. § 553(a); *Citizens Bank v. Strumpf*, 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995)(holding that Section 553 preserves right to setoff); *see also Runnels v. I.R.S. ( In re Runnels)*, 134 B.R. 562, 565 (Bankr.E.D.Tex.1991)(Section 553 preserves right to setoff discharged debt). Under Section 553, the right to setoff is preserved by the Bankruptcy Code by providing that a creditor has the right "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case …" 11 U.S.C. § 553(a).

■ Under Section 553 the elements necessary to establish a right to setoff are:

1. A debt owed by a creditor to a debtor which arose prior to the commencement of a bankruptcy case;

2. A claim of a creditor against the debtor which arose prior to the commencement of the bankruptcy case; and

3. The debt and claim must be mutual or reciprocal obligations.

*See Posey v. I.R.S.*, 156 B.R. 910, 914 (W.D.N.Y.1993)(*citing Waldschmidt v. Columbia Gulf Transmission Co. ( In re Fulghum Const. Corp.)*, 23 B.R. 147, 151 (Bankr.M.D.Tenn.1982)).

---

1. MINN. STAT. § 270.07 subd. 5. provides:
   Credit of overpayment to delinquent tax liabilities. Notwithstanding any other provision of law to the contrary, in the case of an overpayment of any tax collected by the commissioner of revenue, the commissioner may credit the amount of such overpayment against any uncontested delinquent tax liability on the part of the taxpayer who made the overpayment. An overpayment may be credited under this subdivision only if the uncontested delinquent liability has been assessed within ten years of the date on which the overpayment is credited. However, this limitation shall not be applicable if the delinquent liability has been entered into judgment or if legal action is pending for collection of the liability or for renewal of the judgment. An amount paid as tax shall constitute an overpayment even if in fact there was no tax liability with respect to which such amount was paid.
   MINN. STAT. § 270.07 subd. 5 (1999)

With respect to the first requirement, that there is a pre-existing debt, the majority of courts hold that a taxing authority's obligation to pay a refund arises on the last day of the tax year at issue. *See e.g., In re Firestone,* 179 B.R. 148, 149 (Bankr.D.Neb.1995) and cases cited therein; *In re Franklin Savs. Corp.,* 177 B.R. 356, 358 (Bankr.D.Kan.1995) and cases cited therein; *In re Runnels,* 134 B.R. at 564; *Ferguson v. I.R.S. (In re Ferguson),* 83 B.R. 676, 677 (Bankr.E.D.Mo.1988). Under this reasoning, the MDR's obligation to pay a refund to the Debtor for the 1999 tax year arose on December 31, 1999, prior to the commencement of Debtor's bankruptcy proceeding on April 10, 2000. Debtor has cited no authority in support of his argument that the obligation to pay a refund arose on the day the return was filed. The policy underlying these cases is sound. Debtors ought not to be able to manipulate their tax return filing so as to frustrate the government's right to setoff..

The second requirement, that the MDR's claim against the Debtor for unpaid 1994 income taxes is a prepetition debt, is undisputed.

The last requirement for a valid setoff under Section 553 is that the creditor's and debtor's debts are mutual. *See* 11 U.S.C. § 553(a). In order for the debts to be mutual, they must be between the same parties standing in the same capacity. *See In re Franklin Savs. Corp.,* 177 B.R. at 359 and cases cited therein; *In re Runnels,* 134 B.R. at 564. In this case, the parties and their relationship are the same with respect to each of the debts in issue. *In re Runnels,* 134 B.R. at 564. Specifically, the MDR and Debtor are in the relationship of taxpayer and taxing authority, respectively, with regard to each of the debts, and the debts are an unpaid income tax liability and unpaid income tax refund. Accordingly, under Section 553, the MDR's right to setoff under MINN. STAT. § 270.07 was preserved.

Further, the MDR is expressly provided relief from the automatic stay to make setoff by Local Rule 4001–1. Specifically, Local Rule 4001–1 modifies the automatic stay with respect to income taxes to allow taxing authorities "to issue notices of deficiency, to assess taxes, to make refunds on tax returns, and to setoff refunds against assessed taxes due in the ordinary course of business with respect to any debtor." *Id.* As recognized by other courts with a similar rule, this rule is a "safe harbor" that allows taxing authorities to setoff tax refunds against prior tax debts without violating the automatic stay or having to file a motion to lift the automatic stay. *See In re Martinez,* 258 B.R. 364, 366 (Bankr.W.D.Tex.2000); *see also In re Ferguson,* 83 B.R. at 677 (Bankr. E.D.Mo.1988) (noting that local rule modifies automatic stay). Moreover, the Rule is designed to facilitate the normal business of taxing authorities without requiring motions for relief from stay and covers both pre and postpetition tax obligations. The action taken by the MDR was an action contemplated by this Rule.

The Debtor reads Local Rule 4001–1 to mean if the "taxes are due in the ordinary course of business" the stay is modified and argues that since the taxes are due from 1994 setoff cannot have been taken in the ordinary course of business. The Debtor misconstrues the meaning of "ordinary course of business" as it pertains to the collection of taxes. "Ordinary course of business," in other bankruptcy contexts, has come to mean transacting "normal financial relations...." or "recurring customary credit transactions which are incurred and paid in the ordinary course of business of the debtor and the transferee." *See Thomas W. Garland, Inc. v. I.R.S. ( In*

*re Thomas W. Garland, Inc.),* 39 B.R. 412, 416 (Bankr.E.D.Mo.1984) *(citing* H.R. REP. No. 595, 95th Cong., 1st Sess. 373 (1977); S. REP. No. 989, 95th Cong., 2d Sess. 88 (1978), 1978 U.S.C.C.A.N. 1978, p. 5787); *Lovett v. St. Johnsbury Trucking,* 931 F.2d 494, 497(8th Cir.1991)(" '[T]he cornerstone of [§ 547(c)(2)(B)] is that the creditor needs [to] demonstrate some consistency with other business transactions between the debtor and the creditor' ")(internal citations omitted). While these decisions arise in the context of § 547(c)(2)(B) of the Bankruptcy Code, they shed some light on the meaning of the terms used in the Local Rules.

In the ordinary course of dealing with the revenue agencies a debtor would expect unpaid taxes from previous years to be offset against a tax refund and that "in the ordinary course" of the taxing authorities collection of taxes they ordinarily offset tax refunds against any previous amount owed by taxpayers. The offset of taxes is the contemplation of "normal financial relations" between the parties. Indeed, it is specifically mandated by Minnesota statute. *See* MINN. STAT. 207.07 subd. 5 (1999).

Furthermore, the Debtor's construction of the rule would render it inconsistent with Section 553. Federal Rule of Bankruptcy Procedure 9029 provides that bankruptcy courts may promulgate local rules which are not inconsistent with the Bankruptcy Code or the Federal Bankruptcy Rules. Debtors' construction of Local Rule 4001–1 would deny taxing authorities relief from stay to pursue ordinary course prepetition collection activities inconsistent with Section 553. Such an interpretation of the Rule should be avoided.

Clearly, the MDR has established all of the elements for offset under Section 553.

However, at the hearing on the parties' motions, the Debtor asserted another theory of the case. The Debtor contends that even if the MDR is entitled to setoff under Section 553, the refund is an exempt asset and the MDR cannot offset against exempt assets pursuant to Section 522(c).[2] To support the Debtor's assertion that property exempted from the estate under Section 522 is not subject to setoff, Debtor cites *Alexander v. I.R.S. (In re Alexander),* 225 B.R. 145 (Bankr.W.D.Ky.1998) *aff'd I.R.S. v. Alexander,* 245 B.R. 280 (W.D.Ky.1999) which states:

> Accordingly, under the majority rule a creditor's right to setoff under § 553 must yield to the Debtor's right to exempt and protect assets under § 522. The Court finds the reasoning supporting the majority rule to be quite persuasive; consequently, the Court shall follow the majority rule in holding that § 553 does not supersede § 522. Rather, § 522 must be given priority. Therefore, the property that has been properly claimed as exempt by the Debtor is not subject to set-off.

*Id.* at 149. The court in *Alexander* also discussed the legislative history of Section 522:

> Finally, this Court notes that the legislative history of § 522 supports the conclusion that Congress did not intend that exempt property be liable for discharged tax debts, through set-off or otherwise. One of the versions of § 522(c) that was never enacted by Congress, would have allowed exempt property to remain liable for discharged taxes. Senate Bill 2266; S.R. No. 95–989, 95th Cong. 2nd Sess. 76 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5862. Under that version, the

---

**2.** There is no evidence in the record that the Debtor's refund is exempt, but for purposes of this opinion it is assumed that the Debtor would be entitled to exempt the refund.

tax refund would have been liable for the payment of Debtor's 1991 tax debt, notwithstanding the fact that the tax debt was a dischargeable debt. Nevertheless, this version was rejected by Congress, thus indicating that Congress "did not intend that exempt property be liable to the payment of dischargeable tax debts." *In re Monteith,* 23 B.R. 601, 604 (Bankr.N.D.Ohio 1982).

*Id.* at 150.

■ The opinion in *Alexander,* however, is inconsistent with the Supreme Court's opinion in *Strumpf.* The court in *Strumpf* found that Section 553(a) sets forth a general rule, with certain exceptions, "that any right of setoff that a creditor possessed prior to the debtor's filing for bankruptcy is not affected by the Bankruptcy Code." *Strumpf,* 516 U.S. at 20, 116 S.Ct. 286.

Section 553, as reiterated in *Strumpf,* is unambiguous: "*this title* does not affect any right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a)(emphasis added). This language can only be construed to remove the right to setoff from any other limitation that may be contained in the Code including the discharge injunction. "The only exceptions to the rule that a creditor's right to setoff remains unaffected in bankruptcy are those found in section 553." *United States v. Krause ( In re Krause),* 261 B.R. 218, 223 (8th Cir. BAP 2001); *In re Alvstad,* 223 B.R. 733, 741 (Bankr.D.N.D.1998) (noting that "the only exceptions to the rule that a creditor's rights to setoff shall be unaffected by bankruptcy appear within the section itself"). Section 553 does not make an exception for exempt assets. "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making *A* pay *B* when *B* owes A.'" *Strumpf,* 516 U.S. at 18,

116 S.Ct. 286. In enacting Section 553, Congress intended to preserve setoff rights. *United States v. Gerth,* 991 F.2d 1428, 1436 (8th Cir.1993).

■ Both Minnesota Statute § 270.07 and Section 553 are clear and unequivocal. "Notwithstanding any other provision of law to the contrary the MDR may offset an overpayment against a tax delinquency and the Bankruptcy Code does not affect any right of a creditor to offset." MINN. STAT. § 270.07, subd. 5 (1999); 11 U.S.C. § 553(a). Where the statute's language is plain, the inquiry ends. " '[T]he sole function of the courts' " —at least where the disposition required by the text is not absurd—" 'is to enforce it according to its terms.' " *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 5, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) *citing United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(*quoting Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Therefore, the MDR is entitled to offset the 1999 refund against the Debtor's 1994 tax liability and Section 522 does not affect the creditor's setoff rights.

## CONCLUSIONS OF LAW

ACCORDINGLY, IT IS HEREBY ORDERED THAT summary judgment is GRANTED in favor of Defendant and against Plaintiff. The Defendant is entitled to keep the 1999 refund even though the 1994 income tax liability was discharged.

LET JUDGMENT BE ENTERED ACCORDINGLY.